UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.                                                    )<br>)<br>HAROL RODRIGO SUAREZ-GARCIA, )<br>    a/k/a "Jose Luis Herrera",           )<br>    a/k/a "Chico, a/k/a "Dominick"     )<br>)<br>) | Crim. No. 06-101 (GK) |

## GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME BASED ON COMPLEXITY OF CASE

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves the Court under 18 U.S.C. §§ 3161(h)(8)(A), and 3161(h)(8)(B)(i) and (ii), of the Speedy Trial Act, for a continuance based on the complexity of this international narcotics-for-weapons conspiracy case. In support thereof, the government states the following:

### *Background*

The defendant Harol Rodrigo Suarez, a/k/a "Jose Luis Herrera," a/k/a "Chico," a/k/a "Dominick" (hereinafter "Suarez"), was arrested in Panama on April 5, 2006, along with co-defendants Nestor Dario Castro, a/k/a "Alberto" (hereinafter "Castro"), and Carlos Ernesto Barreto-Sierra, a/k/a "Santiago" (hereinafter "Sierra"), based on a provisional arrest warrant for extradition to the United States. On November 25, 2006, Sierra escaped from Panamanian custody. He remains at large, along with the other two codefendants. On January 11, 2008 Suarez was extradited to the United States.

Much of this investigation occurred outside of the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and

1

Colombia. The evidence reveals that the conspirators sought to trade cocaine and heroin for military-grade weapons and cash. The weapons were to be provided to the United Self-Defense Forces of Colombia (AUC), a State Department-designated "Foreign Terrorist Organization". This conspiracy case is unusual or complex in that virtually all of the evidence is in Spanish, and much of it was developed overseas. The case involves consensually recorded phone calls in Spanish, emails in Spanish, and lengthy video and/or audio-recorded meetings in Spanish in four different countries – Honduras, Nicaragua, Panama and Colombia -- utilizing body-wires, hidden cameras, and hidden microphones set up with the approval and/or guidance of foreign law enforcement officers, some of whom operated undercover.

On October 18, 2007, the Government filed a motion to toll the Speedy Trial Act as it applied to Suarez's codefendant, Castro, based on the complexity of the case currently before the court. See Government's Motion Under the Speedy Trial Act to Exclude Time Due to Codefendant's Pending Extradition and Continuance Based on Complexity of Case (ECF document 11). In an order dated December, 12, 2007, your honor, Judge Kessler, granted that motion, finding that "there will be significant logistical difficulties in coordinating the presentation of all this evidence from four different countries." Memorandum Order at 2 (ECF document 18).

*Argument*

Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., the defendant's trial must commence within seventy days of his initial appearance. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the seventy day computation. The Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the

defendant in a speedy trial." §3161(h)(8)(A). One factor that the Court should consider is "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." §3161(h)(8)(B)(i). In determining whether to grant a continuance, a second factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. §3161(h)(8)(B)(ii).

The government respectfully moves the Court to grant a continuance as well for Mr. Suarez, because this case is a "complex case". The failure to grant a continuance would result in a miscarriage of justice due to its complexity and significance. The case involves a conspiracy to trade narcotics for weapons and cash. The weapons to be purchased with the drugs were to be provided to the United Self-Defense Forces of Colombia (AUC), a State Department-designated "Foreign Terrorist Organization".

Many of the witnesses who will testify for the government at trial are citizens of Honduras, Nicaragua, Panama and Colombia. Because the case involves the extraterritorial application of United States law and the prosecution of drug traffickers affiliated with a Foreign Terrorist Organization, it may present novel questions of fact or law. Accordingly, the government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. See United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which in the Dutch language, and many foreign witnesses); United

States v. Brooks, et al., 697 F.2d 517 (3d Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at time continuance was granted); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

The court has previously addressed this issue as to codefendant Castro, finding indeed that the facts of the case qualify it for "complex" status. See Memorandum Order at 2, (filed Dec. 12, 2007). In finding the case to be complex, the court explained "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act." Id. at 2. As the case against Castro is complex, so is the case against his codefendant, Suarez.

For the foregoing reasons, the government would request that the Court's Memorandum Order of December 12, 2007 apply to Mr. Suarez, as well as Mr. Castro. Thus, in computing the time within which the trial must commence, the period of time from the filing of the government's motion as to Mr. Castro on October 18, 2007, to six months therefrom, would be excluded pursuant to 18 U.S.C., Section 3161(h)(1)(7); 18 U.S.C., Section 3161(h)(8)(A), and 18 U.S.C., Section 3161(h)(8)(B)(i) and (ii).

WHEREFORE, for the foregoing reasons, the United States respectfully asks the Court to grant this motion.

Respectfully submitted,

_____
James A. Faulkner
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading and proposed order were delivered to the parties via ECF on this date, January 15, 2008.

_____
James A. Faulkner