**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Crim. No. 06-101 (GK)** |
| | ) | |
| **HAROL RODRIGO SUAREZ-GARCIA,** | ) | |
| a/k/a "Jose Luis Herrera", | ) | |
| a/k/a "Chico, a/k/a "Dominick" | ) | |
| | ) | |

**ORDER**

Upon consideration of the "Government's Motion Under The Speedy Trial Act For a Continuance Based on Complexity of Case", and in light of the Court's Memorandum Order of December 12, 2007 as to codefendant Castro (ECF document 18), the Court hereby **ORDERS** that the government's motion is **GRANTED**.

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. 3161(h)(8)(B)(i) and (ii), that the ends of justice served by granting the government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for this finding is the Court's determination that this case is a complex case:

a. As described by the government, this is an international narcotics conspiracy to trade narcotics for cash and weapons that would be provided to a State Department-designated Foreign Terrorist Organization, involving witnesses from, and evidence developed in, four foreign countries. Furthermore, the case involves the extraterritorial application of United States law. Much of this investigation occurred outside the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and Colombia.

b.  Many of the witnesses who will testify for the government at trial are citizens of these countries.

c.  Because the case involves the extraterritorial application of United States law and the prosecution of individuals allegedly conspiring to trade narcotics for cash and weapons to be provided to a Foreign Terrorist Organization, it may present novel questions of fact or law.

Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

3.  In computing the time within which the trial must commence, the period of time from the filing on October 18, 2007 of the government's Motion under the Speedy Trial Act as to codefendant Castro (ECF document 11), to six months therefrom shall be excluded pursuant to 18 U.S.C. §3161(h)(1)(7), 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. §3161(h)(8)(B)(i) and (ii).

DATE: _____

_____
GLADYS KESSLER
JUDGE
UNITED STATES DISTRICT COURT