UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA              :

v.                                    :   CR. NO. 06-101-01 (GK)

HAROL SUAREZ-GARCIA                   :

DEFENDANT'S REQUEST FOR TRANSFER TO
CORRECTIONAL TREATMENT CENTER

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, respectfully requests that this honorable court order that he be transferred to the Correctional Treatment Center (CTF). In support of that request, the defendant states the following:

1. At a status hearing held in this matter on February 13, 2008, the court was informed that there was a substantial amount of discovery matter that required review. This material consisted of recordings of telephone conversations and video tapes (placed on cds or dvds) of meetings between the various parties. All of these materials were in Spanish. While the government intends to transcribe the conversations contained therein, .It is uncertain when they will be ready. Likely, even the preparation of such transcripts will require defendants to view the original source material against the prepared transcripts.

2. The co-defendant in this case is already housed at CTF. Manuel Retureta, Esq. has furnished a laptop computer to the CTF law library for use by his client and has provided the library with the discovery materials. The co-defendant now has the opportunity to review these materials on its own time. Mr. Retureta has graciously offered to allow Mr. Suarez to review

those same materials if he is transferred to CTF. Obviously, such an opportunity would create a substantial savings in avoiding the expense of having an attorney or investigator visit the defendant and play these materials for him.

    4. Additionally, CTF seems to allow defendants more time in the law library than the D.C. Jail and viewing of the materials will be quicker and more efficient if Mr. Suarez is transferred.

    5. As a further matter, Mr. Suarez, while at the Jail, will not be permitted any ability to telephone his family in Colombia. CTF, likely for proprietary reasons, permits such calls to be made at the expense of the inmate or to be absorbed by the family as collect calls. This is particularly harsh for a defendant whose wife and family reside abroad. While counsel does not suggest that this factor, by itself, supports such a transfer, it certainly can be factored into the court's decision.

    6. The government has indicated that it will oppose this request. It has already exercised its plenary power to request that Mr. Suarez be separated from his co-defendant. In open court, the prosecutor noted that this is a case involving a conspiracy to sell drugs and/or exchange drugs for weapons. It further proffered that Mr. Suarez has connections to a Colombian paramilitary group. Along this line, it must be noted that the case involves the defendant's dealings with a government informant. While drugs and weapons were clearly involved in the discussions, no drugs were distributed or ever produced by the defendants. The only weapons in the case were weapons provided by governmental authorities in a "weapons flash." Approximately, one and half years of conversations and meetings produced nothing. Not one gram of any controlled substance was ever possessed by Mr. Suarez or any of his alleged codefendants. Further, despite

government allegations, Mr. Suarez vehemently denies any affiliation or membership in any paramilitary group.  Prior to leaving this country in 2004 to marry, Mr. Suarez had legally resided in Chicago and worked in a restaurant.  Hardly, the resume of a Colombian terrorist.  Further, he and his codefendant were incarcerated in the same facility in Panama for more than a year while awaiting extradition.  Counsel does not believe the government can point to any activity on their part that could be considered dangerous or threatening.

    7. The evidence in this case requires substantial review.  Because of the nature of that evidence, computer access is necessary.  The barriers to such review by an incarcerated defendant are substantial.  In this case, the defendant, if moved to CTF, will have a unique opportunity to view the evidence at little or no cost.  In opposition, the government proffers a potential danger that the facts simply do not support.  If some administrative separation is necessary to assure the court that there is absolutely no risk, counsel is certain that CTF can accommodate that separation.

    8. The interests of justice require that this motion be granted.

    WHEREFORE, for the foregoing  reasons, the defendant respectfully requests that this honorable court order his transfer to the Central Treatment Facility.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110


CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served by electronic filing on all interested parties, this 14th day of February, 2008.
.

_____
Edward C. Sussman