UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            :

v.                :     CR. NO. 06-101-01 (GK)

HAROL SUAREZ-GARCIA                :

DEFENDANT'S MOTION FOR A PRE-TRIAL HEARING REGARDING CO-DEFENDANT STATEMENTS THAT ARE ALLEGED TO BE IN FURTHERANCE OF THE CONSPIRACY

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, the Sixth Amendment to the U.S. Constitution, and the FRE 801(d)(2)(E), respectfully requests that this honorable court require the government to disclose all statements of alleged co-conspirators that it would seek to admit at trial pursuant to the Federal Rule of Evidence that relates to statements made in furtherance of the conspiracy. In support of this request, the defendant states the following:

1. The defendant was indicted in connection with conspiracy to distribute cocaine and heroin, or to exchange those substances for weapons. All of the events that form the basis of this prosecution occurred outside of the country in Colombia, Honduras, Guatemala, and Panama. The indictment indicates that there are conspirators that have not been indicted and who are known to the grand jury as well as others who "are not known." It is wholly unclear who these individuals are.

2. Discovery in this matter has been voluminous and government reports have listed numerous names that do not match those of the indicted co-conspirators. Additionally, only two

of the indicted conspirators are in custody and will be going to trial. It is possible, and even likely, that the government will attempt to elicit statements made by alleged co-conspirators who are not before the court.[1]

3. The need for this information and a pre-trial hearing are essential given the context of this case. All of the events occurred outside of this country and any investigation regarding these individuals, their actions, or their statements, would have to be done abroad. This is not the type of case where the government can simply introduce such statements at trial and then attempt to make the evidentiary connections necessary to establish a foundation.

4. The U.S. Supreme Court, in Crawford v. Washington, 541 U.S. 36 (2004), overruled Ohio v. Roberts, 448 U.S. 36 (2004), and held that when testimonial hearsay is at issue, "the Sixth Amendment demands an opportunity to cross examine the maker of the statement. A strict reading of Crawford might well undermine the holding in United States v. Inadi, 475 U.S. 387 (1986) which sanctioned the government's use of the statements of co-conspirators pursuant to FRE 801(d)(2)(E).

5. Assuming the continued viability of FRE 801(d)(2)(E) in light of Crawford, this court must still insure fundamental fairness in the conduct of the trial by requiring the government to identify any statements it intends to introduce and to require the government to show a pre-trial foundation for such introduction. In the context of this case, only the earliest disclosure that would provide the defense a thorough chance to investigate such statements would provide the due process to which he defendants are entitled.

---

[1] It should be noted that in a separate pleading that the defendants are seeking the government to divulge the names of the uninindicted co-conspirators.

5. The court is well aware of the methodology for determining the admissibility of such statements.  Courts have generally abandoned a detailed pre-trial hearing and have allowed the government to establish the foundation during trial.  That methodology in this situation would provide the defendant absolutely no opportunity to counter such statements and would constitute "trial by ambush."  Only by disclosing these statements long before trial and identifying the maker will the defense have the opportunity to do the difficult investigation necessary to defend their client's interests.

WHEREFORE, for the foregoing reasons, the defendant requests that this honorable court order the prompt disclosure of the information that he seeks.

Respectfully submitted,

_____/s/_____
Edward C. Sussman No. 174623
Counsel for Defendant Suarez-Garcia
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2008, a copy of the foregoing was served electronically on Jim Faulkner, Esq., U.S. Department of Justice, and Manuel Retureta, Esq., counsel for the co-defendant.

_____/s/_____
Edward C. Sussman