UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Crim. Case No.: 06-101 (GK) |
| **NESTOR DARIO CASTRO, et al.** | |

**DEFENDANT'S MOTION TO DISCLOSE IDENTITIES OF
CONFIDENTIAL SOURCE AND GOVERNMENT WITNESSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**COMES NOW DEFENDANT, Nestor Dario Castro** (hereinafter referred to as "Mr. Castro"), by and through undersigned counsel, and respectfully asks this Court for an order directing the government to disclose the identities of each confidential source/informant and government witness regardless of whether they will testify at trial.

The discovery in the case reveals that an important source of information used by law enforcement in gathering information was derived from confidential sources/informants and other witnesses. These witnesses provided information to law enforcement after they were either charged or told that they would be indicted unless they agreed to cooperate. Mr. Castro must have the opportunity to interview each person who gave information to law enforcement who falls within the category of confidential source/informant regardless of whether they will be called to testify at trial.

The confidential sources/informants used by law enforcement may be biased against Mr. Castro. The identities of the sources/informants are necessary to the defense in order to investigate bias, motives to fabricate and to cast doubt upon the credibility of certain witnesses.

1

Most if not all of the events relating to the indictment took place in Colombia, Panama, Nicaragua and other foreign locations. Without prior disclosure of this information, Mr. Castro is severely prejudiced because he cannot properly investigate the case or obtain any useful information regarding foreign witnesses.

Mr. Castro asks for useful and relevant information that cannot be learned without a disclosure by the United States. There is no reason related to security to withhold this essential information. Mr. Castro's due process rights mandate pretrial disclosure of the identities of each confidential informant who has provided information to law enforcement.

### ARGUMENT

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court addressed the balancing that was necessary when a trial court was called upon to weigh a defendant's right to fundamental fairness as guaranteed by the United States Constitution against the government's interest in withholding from disclosure the identity of an informant. (Protecting the identity of the informant from disclosure has become known as the "informer's privilege"). What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.

Yet, these individuals, regardless of the corporate reward, must be disclosed in the interests of fundamental fairness and due process. In *McLawhorn v. State of North Carolina*, 484 F.2d. 1 (4th Cir. 1997) the Court drew a distinction between actual crime participants and tipsters in assessing whether it was necessary for the government to reveal their identities. If it is

2

determined that the informant was an "actual participant," that is where he helps to set up the criminal occurrence, then disclosure of the identity of the informant is required. 484 F.2d. at 5.

In *Roviaro*, the Supreme Court recognized the problem a defendant faces when the government chooses not to call a confidential information at trial.

> Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Curham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed entrapment.
>
> The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the Defendant rather than the government to decide.

Roviaro, 353 U.S. at 64 (emphasis added). Thus, the Supreme Court recognized the importance of disclosing the name and whereabouts of an source/informant so that Mr. Castro would have the opportunity of at least interviewing the source/informant in order to adequately prepare for trial. It is axiomatic that the witnesses do not belong to either the prosecution or the defense and should be available to either side.

Without disclosure of the source's/informant's identity and the ability to interview or call the source/informant as a witness, Mr. Castro might well be forced to testify in order to try to establish his innocence. Where the source/informant is a participant and material witness to the crime charged, as is applicable herein with respect to certain government witnesses, forcing Mr. Castro to testify or depriving him of the right to interview or call such a witness constitutes a denial of fundamental fairness, and violates both his Fifth Amendment right to remain silent and his Sixth Amendment rights to confrontation as well as to effective assistance of counsel.

The Circuit Court of Appeals in this jurisdiction has recognized that the "Informer's

3

Privilege" must give way when the identity of the informant is of use to a defendant:

> Whether *Roviaro* was a product of the Due Process Clause, as the Supreme Court said in *United States v. Raddatt*, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 6 L.Ed.2d 424 (1980), or merely of federal common law, as the Court wrote in *United States v. Valenzuela-Bernal*, 458 U.S. 85 870, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 119 (1982), in a criminal trial the informer privilege must give way when the information sought is "relevant and helpful to the defense of the accused." *Roviaro*, 353 U.S. at 60-61, 77 S.Ct. At 628. The informant in *Roviaro*, whose identity the Court ordered divulged, was the "sole participant, other than the accused, in the transaction charged" and consequently "the only witness in a position to amplify or contradict the testimony of the government witnesses, 353 U.S. at 64, 77 S.Ct. At 629

*United States v. Foster*, 986 F.2d. 541, 545 (1993).

The identities of the confidential sources/informants who were engaged in criminal activity are relevant and useful to the defense, as their participation needs to be fully investigated by the defense. They may have been the sole perpetrators of some or all of the offenses charged herein. As such, Mr. Castro has a constitutional right to conduct a pretrial investigation of the activities of the informants to ascertain their criminality and to explore any bias or motive to fabricate they may have.

Additionally, Mr. Castro submits there is also a basis for seeking disclosure of the identities of confidential sources/informants who were not participants in the crimes alleged in the indictment arises from *Brady v. Maryland*. Specifically, Mr. Castro asserts that most, if not all, of the witnesses who fall within this category have provided information to law enforcement in an effort to obtain a benefit. It is a well-known fact that cooperating witnesses receive compensation for their assistance in investigation and in some instances receive compensation for their testimony. In *United States v. Bagley*, 93 U.S. 667, the Supreme Court analyzed expectations of witnesses for payments in return for testimony in the context of *Brady v.*

4

*Maryland.* Recognizing that constitutional error occurs when the defense is deprived of information that would be useful in cross-examination to suggest bias or interest on the part of a witness, the Court mandated that an assessment be made regarding the significance of the inducement.

> [W]e reserve the judgment of the Court of Appeals and remand the case to that Court for a determination whether there is a reasonable probability that, had the inducement offered by the government…been disclosed to the defense, the result of the trial would have been different.

473 U.S. at 684 . In so ruling, the *Bagley* majority made clear that offers of inducement do fall within the potentially exculpatory umbrella of *Brady v. Maryland*.

**WHEREFORE,** Mr. Castro respectfully submits that the particular facts of this indictment make it essential for the defense to obtain pretrial access to the government's confidential sources/informants and other witnesses. Because there is no physical evidence linking Mr. Castro to the conspiracy, the United States has had to rely upon individuals actively engaged in criminal activity and individuals seeking compensation as the means of structuring the indictment herein. Both categories of witnesses described in the preceding paragraph are inherently and immensely biased.

The bias and lack of credibility of the witnesses must be fully explored at trial. In order to do so, counsel must have their identities disclosed sufficiently in advance of trial in order to conduct appropriate investigations. Additionally, because all of the events charged in the indictment occurred overseas, Mr. Castro cannot wait until the government discloses this information during the trial to investigate the allegations or witnesses. Due process requires that the government disclose this information to the defense with sufficient time to make use of the

5

information.

                                     Respectfully submitted,

                                     **RETURETA & WASSEM, P.L.L.C.**

                          **By:**              **/s/**
                                   Manuel J. Retureta, Esq.
                                   District of Columbia Bar #430006
                                   601 Pennsylvania Avenue, NW
                                   South Building – Suite 900
                                   Washington, D.C.  20004
                                   (202) 220-3073
                                   (202) 220-3130 Fax

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF.

                                          **/s/**
                                    Manuel J. Retureta, Esq.