## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. Case No.:  06-101  (GK)** |
| **NESTOR DARIO CASTRO, et al.** | |

### DEFENDANT'S MOTION FOR BILL OF PARTICULARS

**COMES NOW DEFENDANT, Nestor Dario Castro** (hereinafter referred to as "Mr. Castro"), by and through undersigned counsel, and respectfully moves this Court to order the government to provide a bill of particulars to allow the defendant to be informed of the precise charges against him and to protect him against retrial on the same charges and to enable him to investigate and to prepare a defense.

### Basis for Motion

Mr. Castro stands indicted of Conspiracy to Import Five Kilograms or More of Cocaine into the United States in violation of Title 21 USC § 959 and 960.  Counsel has reviewed the Indictment, the documents, audio, and video evidence provided to defendant thus far.

The charge in Count 1, the only count of the Indictment, is so general that Mr. Castro is unable to understand the facts that constitute the charge, in order to prepare a defense and be protected against retrial on the same charges. *United States v. Butler,* 822n F.2d 1191 (D.C. Cir. 1987).  Additionally, discovery and government representations in pleadings before the court allege ties to "right-wing paramilitary" groups, "guerilla groups," and drugs beyond the charged cocaine.  Yet, the indictment merely alleges a conspiracy to import.

Moreover, discovery material reveals law enforcement reports of surveillance dating back

to 2004. Yet, Mr. Castro did not appear in law enforcement reports until the beginning of 2006. These early reports also detailed numerous other "targets" or individuals named as participants in activity with the government confidential source. Mr. Castro cannot determine how he is tied to the government evidence.

If an indictment is sufficiently specific, a bill of particulars is not required. However when the charging document contains no overt acts, and merely outlines the elements of the offense and lists countries where the offense allegedly occurred, an indictment it is not adequate as a notice document. A bill of particulars is required pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure (hereinafter Rule 7(f)).

### Argument & Request for Particulars

The Sixth Amendment confers a right to be informed of the nature and cause of a criminal accusation. The charging document must provide notice of the charges in sufficient detail for Mr. Castro to prepare a defense and to permit evaluation of a claim of double jeopardy. *United States v. Miller,* 471 U.S. 130, 134-35 (1985); *Russell v. United States,* 369 U.S. 749, 763-65 (1962). In this case, the information in the indictment is insufficient to determine the basis upon which the government asserts that Mr. Castro conspired to import or distribute cocaine.

The Court must review a challenge to an indictment in light of the safeguards that an indictment is designed to provide to a criminal defendant. *Russell v. United States, supra.* If an indictment does not satisfy the protections set forth by these criteria, the accused may object to it by motion before a trial. *See* F.R.Cr.P. 12(b)(2). The indictment in this case does not provide the requisite protections to Mr. Castro.

Under F.R.Cr.P. 7(c), the indictment must provide a plain, concise and definite written statement of the essential facts constituting the offense charged. It must transcend to particulars. *Russell v. United States, supra* at 765. This requirement of specificity also serves the purpose, *inter alia*, of informing the court of the facts alleged so that it may decide whether they are

2

sufficient in law to support a conviction, if one should be had. *Russell v. United States, supra* at

768. Failure to specify the essential facts allows the government a free hand to insert a vital

part of the indictment without reference to the grand jury and violate basic principles of

fundamental fairness that require a defendant be advised of the charges against him.

The Indictment in the instant case contains neither overt acts nor specific facts to permit

Mr. Castro to prepare a defense. It would be an abuse of discretion to deny the request for a bill

of particulars when the indictment is so imprecise and lacking in details. *United States v.*

*Pollack,* 534 F.2d 964, 970 (D.C. Cir. 1976).

Mr. Castro respectfully requests the Court Order the government to provide the following

particulars to the defendant:

- The nature of any act by Mr. Castro that the government believes shows he is involved in the conspiracy;
- The particular date, location and participants at any meetings in furtherance of the conspiracy;
- The dates the conspiracy is claimed to have begun and the date the conspiracy is alleged to have ended and the date when Mr. Castro allegedly joined the conspiracy;
- The specific words spoken or adopted by Mr. Castro that the government believes show the intent of the defendant to join the conspiracy;
- The circumstances surrounding the alleged statements which show intent by Mr. Castro; where the words were spoken, to whom, under what circumstances, and how the words were memorialized or recorded;
- The specific deed of Mr. Castro that the government believes shows the intent of the defendant to join the conspiracy;
- The circumstances surrounding the alleged deed, time, location and participants;
- The specific words spoken or adopted by Mr. Castro that the government believes show the knowledge of the defendant of the purpose and parameters of the conspiracy;
- The circumstances surrounding the alleged statements which show knowledge, where the words were spoken, to whom and under what circumstances;
- The specific deeds of Mr. Castro that the government believes shows knowledge of the defendant of the purpose and parameters of the conspiracy;
- The circumstances surrounding the alleged deed which shows knowledge; and,
- As to each alleged conspiratorial act and conversation the government

should identify the date, the time, the parties and the location and state specifically where each act took place, and the Government should identify what defendants or other persons "known and unknown to the grand jury" allegedly participated in such act and/or conversation.

The particulars requested are vital to Mr. Castro to allow him to investigate and to properly prepare his defense. The requested information is necessary to a determination as to whether the government has improperly charged multiple conspiracies in a single count.  Mr. Castro seeks to protect himself from the impermissible variance of proof at trial and his right to a unanimous verdict under Article III § 2 and the Sixth Amendment. See *Stirone v. United States,* 361 U.S. 212(1960); *Kotteakos v. United States*, 328 U.S. 750 (1946). Finally, Mr. Castro needs to protect himself against retrial for the same charges.  *United States v. Butler,* 822n F.2d 1191 (D.C. Cir. 1987).

**WHEREFORE**, Mr. Castro respectfully requests that this honorable Court order the government to provide a Bill of Particulars pursuant to FRCP 7(f) to fulfill the notice function of an Indictment by a plain statement of the essential facts constituting the offense charged. FRCP 7 (c)(1).

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C.  20004
(202) 220-3073
(202) 220-3130 Fax

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF.

**/s/**
_____
Manuel J. Retureta, Esq.
