UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| NESTOR DARIO CASTRO, ) | Crim. No. 06-101 (GK) |
| ) | |
| HAROL RODRIGO SUAREZ-GARCIA ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
EARLY DISCLOSURE OF *JENCKS* AND *GIGLIO* MATERIAL AND
PRODUCTION OF WITNESS AND EXHIBIT LISTS**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby responds to defendants' motion for early disclosure of *Jencks*[1] and *Giglio*[2] material, and for the production of a witness and exhibit list.[3]

**I.   The Defendant is Not Entitled to Early Disclosure of *Jencks* and *Giglio* Material at This Time**

As the defendants acknowledge, Fed. R. Crim. Proc. 26.2(a) provides that Jencks statements need only be disclosed after direct testimony of the witness. (Motion at 2). Due to security concerns associated in any organized crime and narcotics case with early disclosure of the government's witnesses (or their statements), the government opposes this motion. While noting that Section V, subsection D of this Court's "Trial Procedures" order issued May 13, 2008 (ECF Doc. 50) provides for the disclosure of Jencks material as late as the day before the

---

[1] Jencks Act, 18 U.S.C. § 3500(a).

[2] Giglio v. United States, 405 U.S. 150 (1972).

[3] Defendant Harol Rodrigo Suarez-Garcia has adopted and joined the motion originally filed by defendant Nestor Dario Castro.

associated witness testifies, in an effort to not delay cross examination, the government suggests that this material be turned over to defense counsel the Thursday before each witness is expected to testify. This procedure has been employed in this District numerous times. Recently, in the trial of the Gerald Eiland Organization, Judge Lamberth ordered a similar schedule for disclosure, which appeared to work well. United States v. Eiland, __ F.Supp.2d ___ (D.D.C. March 2, 2006), 2006 WL 516743 (Memorandum Opinion) (unreported). It was also used in the death penalty trials involving the Tommy Edelin Organization, United States v. Edelin, 128 F.Supp.2d 23, 31 (D.D.C. 2001) (Lamberth, J.), and the Kevin Gray Organization (see United States v. Gray, slip op.11/15/01, at 17). This ruling was based on the Court's finding that "the Government's interest in delaying the disclosure of the identities of witnesses heavily outweighs the defendants' interest in pre-trial discovery." Id. at 16. Numerous other cases support such a ruling. See, e.g., United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998), cert. denied, 528 U.S. 828 (1999); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir. 1988), cert. denied, 488 U.S. 867 (1989) ("nothing approaching a Brady violation occurred" where prosecutor disclosed a witness' statement that was inconsistent with a second witness' version of events in time for cross-examination of the second witness); United States v. Edwards, 47 F.3d 841 (7th Cir. 1995) (affirming disclosure of identity of government witness one day before witness was to testify where there were legitimate security concerns). Of course, unexpected changes in the order of government witnesses or added security concerns could conceivably result in shorter variations from the "Thursday" production of material, but the government will notify the Court and defense counsel if those situations arise.

    The government notes that it does not expect to disclose large amounts of Jencks

materials during the trial.  The government has already provided in discovery many of the documents that may be subject to disclosure, and all audio and video recordings that it intends to use in trial.

**II.     The Defendant is Not Entitled to Early Disclosure of Government Witness and Exhibit Lists at This Time**

Defendants also request early disclosure of an exhibit list and a witness list from the government. The government opposes this request.  This case is quite different than the case cited by the defendant as an example of a District Court taking the unusual step of ordering disclosure of government witnesses.  First, defendants' reliance on rulings regarding witness lists made in United States v. Karake, 281 F.Supp.2d 302 (D.D.C. 2003), is distinguishable for the simple reason that – unlike this case – Karake is a capital case, so defendants there are entitled to a witness list pursuant to Title 18, United States Code, Section 3432.  See United States v. Bolden, 514 F.2d 1301, 1312 (D.C. Cir. 1975) (finding that in a non-capital case there is no government duty to disclose its witness list).

Second, in Karake, the Court ordered early disclosure of witness information known by the government because the defendant made adequate showings that the information was material to the defense.  Id. at 310.  In that case, the Court acknowledged that it was an unusual case involving the murder of tourists in a Ugandan rain forest several years before the court proceedings in the United States.  This case involves activities occurring both in the United States and Central and South American countries in the last few years.  Furthermore, there were more than 100 witnesses in the Ugandan case located throughout the world, so the need for extensive investigatory lead time was particularly acute.

Moreover, it is important to note that unlike in the instant case, there were no unusual

concerns for witness safety in <u>Karake</u>.  In this case, the number of available witnesses is limited.  One of the key government witnesses is a confidential DEA source.  Other witnesses include undercover foreign law enforcement agents who still work in covert operations in Central and South America.  Therefore, safety is a paramount concern, since both defendants have ties to the AUC, a State Department designated Foreign Terrorist Organization ("FTO").

For all of the reasons cited *supra*, which serve to differentiate the situation in this case from the unusual circumstances in <u>Karake</u>, the Court should deny this request.  Instead, the government believes the most appropriate course of action is to provide a witness list immediately after the jury is sworn in.  To do so prior to that time could create a security risk to the witnesses in the event the trial is postponed for some unforseen circumstance.

With respect to the request for early disclosure of an exhibit list, while at times the government has provided exhibit lists to defense counsel in past cases, and will ultimately do so in this case one week in advance of trial in accordance with Section V, subsection C of this Court's "Trial Procedures" order, there is no authority to compel the government to produce an exhibit list to defense counsel at this time.  Indeed, such a document is protected at this time under the attorney work-product doctrine because it reveals attorney strategy in determining which items of evidence the government will present to the jury (and conversely, which items of evidence the government will not present to the jury).

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to deny the defendant's motion.

Respectfully submitted,

_____/s/_____

Jim Faulkner, Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., NW, 8th Floor
Washington, D.C.  20005
(202) 616-8648
jim.faulkner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, May 30th, 2008.

_____/s/_____
Jim Faulkner, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648
jim.faulkner@usdoj.gov