UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal Case No. 06-101 (GK)<br>HAROL RODRIGO SUAREZ-GARCIA, )<br>)<br>NESTOR DARIO CASTRO, )<br>)<br>Defendants. ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR A PRE-TRIAL
HEARING REGARDING CO-DEFENDANT STATEMENTS THAT ARE ALLEGED TO
BE IN FURTHERANCE OF THE CONSPIRACY[1]

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby files its opposition to defendant's motion for a pre-trial hearing regarding co-defendant statements that are alleged to be in furtherance of the conspiracy. In support of this opposition, the United States hereby states the following:

### INTRODUCTION

The Defendants have filed this motion pursuant to Federal Rule of Evidence 801(d)(2)(E), claiming that at a pre-trial hearing the Government should identify the specific co-conspirator statements it intends to introduce and to establish foundation with respect to those statements. The Government, however, is under no such obligation. Throughout the course of this prosecution, the Government has provided the defendants with all discoverable materials in its possession in a timely manner. That discovery, moreover, included all of the co-conspirator statements in this case.

The defendants fail to cite any relevant case law that even remotely supports their contention

---

[1] Defendant Nestor Dario Castro has adopted and joined the motion originally filed by defendant Harol Rodrigo Saurez-Garcia.

that the Government should be compelled to identify the specific statements it intends to introduce and to establish foundation with regard to those statements at a pre-trial hearing. Accordingly, the United States respectfully requests that this Court rule that the defendants have no right to compel the disclosure of the identification of the specific co-conspirator statements the Government intends to use at trial and that the Government need not establish foundation at a pre-trial hearing with respect to those statements. Moreover, the Government has not yet determined the specific calls and e-mails it will use at trial. That determination will likely not be made for several weeks. Accordingly, at this time the Government cannot – nor is it required to – produce an immutable list that identifies the specific recorded calls and e-mails it will introduce.

## ARGUMENT

I. **The Government Is Not Required to Establish Foundation at A Pre-Trial Hearing with Respect to The Co-Conspirator Statements It Intends to Introduce at Trial**

Defendants assert that under Fed. R. Evid. 801(d)(2)(E) this Court should conduct a pre-trial hearing and require the Government to establish foundation with respect to the specific co-conspirator statements the Government intends to use at trial. Def. Mot. at 2. Conspicuously devoid of any supporting legal authority, defendants claim that "the need for this information and a pre-trial hearing are essential given the context of this case." Def. Mot. at 2. There is no requirement, however, in this Circuit that the district court conduct a pre-trial hearing in regard to the admissibility of co-conspirator statements. See US v. Cooper, 91 F. Supp. 2d 60 (D.D.C. 2000) ( "The Court declines to conduct a pre-trial hearing. Instead, as is common practice in this Circuit, and completely appropriate here, the Court will admit declarations of co-conspirators subject to connection.") Indeed, in this Jurisdiction, it has been accepted "that district courts have discretion to admit co-conspirator statements conditionally, 'subject to connection' at the close of the government's case to the three requirements of Rule 801(d)(2)(E). US v. Jones, 451 F. Supp. 2d 71, 84 (D.D.C. 2006). Because the

Government fully intends to establish the requisite degree of connection at trial in regard to any co-conspirator statements it may introduce, there is no basis to support the defendants' assertion that a "mini pre-trial" is necessary in this case. United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980) ([a]s a practical matter, to avoid what otherwise would become a separate trial on the issue of admissibility, the court may admit declarations of coconspirators' subject to connection.) Id.

II. **The Defendants Have No Right to Compel the Government to Identify The Specific Co-Conspirator Statements It Intends to Introduce at Trial**

Similarly unpersuasive is the defendants' claim that the Government should identify – pre-trial – the specific co-conspirator statements it plans to introduce. In this case the Government anticipates that it will introduce many conversations of the defendants' and of a Confidential Source ("CS"). Those statements, which are contained in consensually recorded telephone calls, body wires, and surreptitious audio and video recordings, capture the defendants discussing the conspiracy to sell cocaine and heroin in exchange for weapons. The Government has provided the defendants with all of the recordings and draft transcripts of the recordings and e-mails in its possession. Furthermore, the defendants' statements contained in the recordings constitute the only co-conspirator statements that the Government plans to introduce, as well as any oral, non-recorded statements summarized in the discovery.[2] For all these reasons, the defendants' claim regarding the necessity of a pre-trial hearing and the identification of the specific statements the Government intends to introduce is without merit and should be denied.

III. **The Defendants Fail to Articulate Any Cognizable Claim under Crawford**

Alternatively, the defendants point to the Supreme Court's holding in US v. Crawford, 541

---

[2] In the event the Government becomes aware of additional statements in the course of pre-trial meetings with witnesses, it will turn these statements over to defense counsel as soon as possible.

3

U.S. 36 (2004), to support their assertions concerning the purported need for a pre-trial hearing and for the identification of the specific co-conspirator statements the Government intends to introduce. Specifically, the Defendants assert that <u>Crawford</u> requires that this Court insure the fairness of the trial in this case "by requiring the government to identify any statements it intends to introduce and to require the government to show pre-trial foundation for such introduction." Def. Mot. at 2. <u>Crawford</u>, however, contemplates no such requirement. Indeed, as this Court is well aware, the Supreme Court, in <u>Crawford</u>, held that witness statements that are testimonial are inadmissable, under the Confrontation Clause, "unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by the court." <u>Id</u>. Here <u>Crawford</u> is inapposite to the question whether the government is required to identify the specific co-conspirator statements it intends to introduce and to establish foundation in regard to those statements at a pre-trial hearing.

In addition, the Defendants insinuate that the evidence in this case raises concerns under the Confrontation Clause. Def. Mot. at 2. These concerns, however, are effectively moot. Indeed, in this case, the Government will seek to admit only the conversations and e-mails of the defendants and of the CS, all of which fall into the category of defendant admissions, coconspirator statements, or another hearsay exception that overcomes any <u>Bruton</u> or Confrontation Clause related concerns. At trial, the defendants will have ample opportunity to cross-examine the CS with respect to the content of those recorded calls and e-mails. There is thus no basis to support the concerns raised under the Confrontation Clause in the instant motion. For all of these reasons, defendants' <u>Crawford</u> claims are similarly without merit and should likewise be denied.

**IV.**   **The Government Has Satisfied Its Obligations under *Giglio*, *Brady* and Rule 16**

The defendants also assert that, in regard to co-conspirator statements, "only the earliest

4

disclosure that would provide the defense a thorough chance to investigate such statements would provide the due process to which the defendants are entitled." Def. Mot. at 2. The Government has fully complied with its obligations under Rule 16 of the Federal Rules of Criminal Procedure, *Brady*, and *Giglio*. Indeed, to date, the Government has provided the defendants with all discoverable materials in its possession.[3] The co-conspirator statements the Government intends to introduce at trial are by the five indicted defendants themselves, and are summarized in the discovery that has already been provided. If, during trial preparation, the Government becomes aware of additional statements, they will be provided to defense counsel promptly.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that the defendants' motion be denied in its entirety and without a hearing.

Respectfully submitted,

James A. Faulkner
Trial Attorney
U.S. Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, NW # 8108
Washington, D.C. 20005
Telephone: (202)616-8648
Email: jim.faulkner@usdoj.gov

---

[3] Although not required by Rule 16, the Government has nonetheless provided all relevant DEA-6 reports and DEA Embassy cables to the defendants concerning the investigation of this case.

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, May 30th, 2008.

*James A. Faulkner*
James A. Faulkner
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648
jim.faulkner@usdoj.gov