UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | Crim. No. 06-101 (GK) |
| ) | |
| ) | |
| HAROL RODRIGO SUAREZ-GARCIA ) | |
|   a/k/a "Jose Luis Herrera," a/k/a ) | |
|   "Chico," a/k/a "Dominick," ) | |
| ) | |
| NESTOR DARIO CASTRO, ) | |
|   a/k/a "Alberto," ) | |
| ) | |
|       Defendants. ) | |

## GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME BASED ON COMPLEXITY OF CASE, REQUESTS FOR EVIDENCE FROM FOREIGN GOVERNMENTS, AND THE DISPOSITION OF PRE-TRIAL MOTIONS

The United States of America, by and through the undersigned attorney, hereby moves the Court under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii), and 3161(h)(9) of the Speedy Trial Act to toll the speedy trial clock based on: the complexity of this international narcotics-for-weapons conspiracy case; a pending request to the Panamanian Authorities for reports from foreign undercover (UC) officers; a request to the Nicaraguan government that was recently complied with on July 2, 2008; and the filing of pre-trial motions. In support thereof, the government states the following:

1. **Background**

The defendant Harol Rodrigo Suarez, a/k/a "Jose Luis Herrera," a/k/a "Chico," a/k/a "Dominick" (hereinafter "Suarez"), was arrested in Panama on April 5, 2006, along with co-defendants Nestor Dario Castro, a/k/a "Alberto" (hereinafter "Castro"), and

Carlos Ernesto-Sierra, a/k/a "Santiago" (hereinafter "Sierra"), based on a provisional arrest warrant for extradition to the United States. On November 25, 2006, Sierra escaped from Panamanian custody. He remains at large, along with the other two codefendants.

Much of this investigation occurred outside of the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and Colombia. The evidence reveals that the conspirators sought to trade cocaine and heroin for military-grade weapons and cash. The weapons were to be provided to the United Self-Defense Forces of Colombia (AUC), a State Department-designated "Foreign Terrorist Organization." This conspiracy case is complex and unusual in that virtually all of the evidence is in Spanish and much of it originated overseas. The case involves consensually recorded phone calls, e-mails, and lengthy video and/or audio-recorded meetings that are in Spanish. Furthermore, the meetings took place in four different countries – Honduras, Nicaragua, Panama, and Colombia – utilizing body-wires, hidden cameras, and hidden microphones set-up with the approval and/or guidance of foreign law enforcement officers.

Within the last six months, the government has identified a variety of evidence that has been difficult to obtain, which has affected the ability of both parties to prepare for trial. The government is in possession of 600 pages of transcripts (including the original Spanish and English translations) of emails and audio/video recordings involving meetings with up to five individuals. First, it took a substantial amount of time to translate these transcripts from their original Spanish, thereby hindering trial preparation. Second, the confidential source ("CS") has spent a considerable amount of time verifying

the accuracy of each transcript and confirming the identities of the speakers via voice recognition.  Additionally, the government has encountered difficulty in improving the sound quality of certain audio and video recordings, including one body wire, as indicated by the government's notice to the court filed January 15, 2008 (ECF document 19).

On October 18, 2007, the Government filed a motion to toll the Speedy Trial Act as it applied to codefendant Castro based on the complexity of the case before the court. See Government's Motion Under the Speedy Trial Act to Exclude Time Due to Codefendant's Pending Extradition and Continuance Based on Complexity of Case (ECF document 11).  In an order dated December 12, 2007, the Court granted that motion finding that "there will be significant logistical difficulties in coordinating the presentation of all this evidence from four different countries."  Memorandum Order at 2 (ECF 18).  On January 15, 2008, the government filed Motion Under the Speedy Trial Act to Exclude Time Based on Complexity of Case as to Suarez (ECF 20).  The Court granted the government's motion the same day and applied the Court's December 12, 2007 order to Suarez retroactively to October 18, 2007.  Order (ECF document 20-2).

Several meetings were held between the defendants, the CS, and several UC foreign law enforcement agents in both Panama and Nicaragua.  It is the Government's understanding that the UC foreign law enforcement agents prepared reports regarding these meetings.  In addition, other evidence pertaining to these meetings may exist because the foreign law enforcement agencies conducted surveillance of the meetings. As is often the case in prosecutions that depend on foreign evidence, the Government's biggest logistical difficulty has been in obtaining evidence from overseas.  Aside from

3

one Panamanian UC report provided to the defense in initial discovery, and despite repeated attempts dating back to 2007 to acquire other evidence known to exist in Panama, the DEA Panama office has been unsuccessful in obtaining additional UC reports and surveillance photos from Panamanian police regarding drug trafficking organization meetings involving the defendants that occurred in that country in September-October 2004 and March-April 2006. Because DEA's most recent attempts in January 2008 and May 2008 failed, Government counsel has made the decision to personally fly down to Panama to meet with Panamanian officials and search for the evidence and UC reports.

On May 13, 2008, the defendants filed various motions, including a Motion for Release of Brady Materials and E-mails Containing Jencks Statements (ECF document 46), Motion for Disclosure of Statements Under FRE 801(d)(2)(E) (ECF document 47), and Motion to Adopt Co-Defendant Motions (ECF document 48). Thereafter, defendants filed other motions, which are not relevant to the issue herein. On June 10, 2008, the Court ruled on several pending motions, including defendants' Motion to Compel (ECF document 70), Motion for Disclosure of Jencks and Giglio Material and Witness/Exhibit List (ECF document 72), Motion for Pre-Trial Hearing Regarding Co-Defendant Statements that are Alleged to be in Furtherance of the Conspiracy (ECF document 74), and Motion for 404(b) Evidence (ECF document 71). On July 4, 2008, the defendants filed a Memorandum in Opposition as to the Government's Second Supplemental Notice of 404(b) Evidence (ECF document 83), and, on July 9, 2008, the government filed a Motion in Limine for Jencks Act Hearings Outside the Presence of the Jury (ECF document 84).

**2. Legal Analysis**

Under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., the defendant's trial must commence within seventy days of his initial appearance. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes periods of time from the seventy day computation for various reasons, such as when the case is complex, when parties request evidence from foreign countries, and when motions are under consideration by the Court. 18 U.S.C. §§ 3161(h)(8)(A), (B)(ii), (h)(9). Furthermore, the Court may retroactively toll the speedy trial clock by putting express findings "on the record by the time a district court rules on a defendant's motion to dismiss under [the Speedy Trial Act]." Zedner v. United States, 547 U.S. 489, 507 (2006); See also United States v. Bryant, 523 F.3d 349, 361 (D.C. Cir. 2008) (recognizing that under Zedner a trial judge may make findings supporting a § 3161(h)(8)(A) continuance on the record retroactively).

**a. Complexity of the Case**

The Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)A). In determining whether to toll the speedy trial clock, the Court must consider "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. § 3161(h)(8)(B)(ii).

Accordingly, the government respectfully submits that, from April 19, 2008 until the present time, it is still unreasonable to expect adequate preparation for pretrial

5

proceedings or for the trial itself within the time limit established by the Speedy Trial Act. See United States v. Kramer, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which in the Dutch language, and many foreign witnesses); United States v. Brooks, et al., 697 F.2d 517 (3rd Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at time continuance was granted); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore). Indeed, many witnesses for the government at trial are citizens of Honduras, Nicaragua, Panama, and Colombia. Furthermore, this case involves the extraterritorial application of United States law and the prosecution of drug traffickers affiliated with a Foreign Terrorist Organization and consequently may present novel questions of fact or law.

The court has previously addressed the complexity of this case both on December 12, 2007 and on January 15, 2008, deeming this case to be "complex". See Memorandum Order at 2 (filed Dec. 12, 2007); Order at 1 (filed Jan. 15, 2008). Specifically, in finding the case to be complex, the court explained, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act." Memorandum Order at 2 (filed Dec. 12,

2007).  As this case was complex in December 2007 and January 2008, it is still complex as of July 2008, which was tacitly acknowledged by the court by setting trial for August 11, 2008.  The government respectfully moves the Court to toll the speedy trial clock retroactively from April 19, 2008 to August 18, 2008, by which date the jury will have been sworn, because this case is "complex".

    **b.  Official Requests For Evidence From Foreign Countries**

    The Speedy Trial Act permits a criminal trial to be delayed up to one year if the Court finds by "a preponderance of the evidence that an official request . . . has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." 18 U.S.C. § 3161(h)(9). The Act refers to a different section, 18 U.S.C. § 3292, for the definition of the term "official request," which is defined as:

> "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country."

18 U.S.C. § 3292(d) (emphasis added).

    Thus, in accordance with the plain language of the statute, any request for evidence from a foreign country by the government constitutes an official request.  It is irrelevant that the official requests were informal, rather than through more formal channels, such as a letter rogatory or a Mutual Legal Assistance Treaty Request.  See United States v. Wardnick, 161 F.3d 1161 (4th Cir. 1998), cert. denied 525 U.S. 989 (unpublished) (prosecutor's request for evidence from Pakistan by telephone constituted an "official request" under 18 U.S.C. § 3292; therefore, the defendant was not denied his right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(9)).  As described above, the

7

Government made an official request for evidence from both the Nicaraguan and Panamanian Authorities. The request to the Panamanian authorities, which was made in 2007, then again in January 2008 and May 2008, is still outstanding. As such, the Speedy Trial clock should be tolled from January 2008 until the present.

   c. **Pre-Trial Motions**

The speedy trial clock is also tolled from the filing of any pretrial motion "through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C § 3161(h)(1)(F). Various motions filed on May 13, 2008 tolled the speedy trial clock until June 10, 2008, when the last of these motions was resolved. Because no motions were pending, the speedy trial clock began to run again on June 10, 2008. The defendants filed a Memorandum in Opposition to Motion for 404(b) Evidence on July 4, 2008, thereby tolling the speedy trial clock. Accordingly, the speedy trial clock is now tolled until the resolution of all pending motions.

   3. **Conclusion**

For the foregoing reasons, the government requests that the Court toll the speedy trial clock retroactively from April 19, 2008 to August 18, 2008 due to the complexity of the case. Thus, in computing the time within which the trial must commence for speedy trial purposes, the period of time from April 19, 2008 to August 18, 2008 would be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A) and 18 U.S.C. § 3161(h)(8)(B)(ii).

Also, the time from January 2008 until the present should be tolled due to the official request for evidence from the Panamanian government pursuant to 18 U.S.C § 3161(h)(9).

Finally, the days from May 13, 2008 to June 10, 2008, 28 days in total, should be tolled pursuant to 18 U.S.C § 3161(h)(1)(F) because a motion filed on May 13, 2008, was pending until June 10, 2008.  Furthermore, any time from July 4, 2008 until the resolution of all pending motions should be tolled.

Respectfully Submitted,

_____/s/_____
James A. Faulkner
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., NW 8th Floor
Washington D.C. 20005
202-514-0917
Jim.faulkner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, July 14, 2008.

\_\_\_\_/s/_____
James A. Faulkner

9