**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Crim. No. 06-101 (GK)** |
| **v.** | ) | |
| | ) | |
| **HAROL RODRIGO SUAREZ-GARCIA** | ) | |
| **a/k/a "Jose Luis Herrera," a/k/a** | ) | |
| **"Chico," a/k/a "Dominick,"** | ) | |
| | ) | |
| **NESTOR DARIO CASTRO,** | ) | |
| **a/k/a "Alberto,"** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through the undersigned attorney, respectfully

submits the following proposed jury instructions for use in connection with the above-captioned

case at trial.[1]  The government advises the Court that all of the proposed jury instructions, except

those which have been noted with an asterisk, were previously approved and utilized by this

Court in the narcotics conspiracy trial *United States v. Darren Ferguson*, Cr. No. 04-043 (GK).

***Instructions Before and During Trial***

1.02A*        Preliminary Instructions on Notetaking by Jurors

1.03*         Preliminary Instructions

              Function of Court and Jury

              Presumption of Innocence

---

[1] Unless otherwise indicated, all instructions are based on the Criminal Jury Instructions
for the District of Columbia (4th ed. revised 2005) ("Redbook"), published by the Young
Lawyers Section of the Bar Association of the District of Columbia.

Opening Statements and Closing Arguments

Motions and Objections

| | |
|---|---|
| 1.04A | Stipulation of Fact |
| 1.05* | Cautionary Instruction Prior to First Recess |
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony |
| 1.21 | Preliminary Instruction to Jury Where Identity of Alternates Not Disclosed |
| 1.22 | Juror's Recognition of a Witness or Other Party Connected to the Case |
| ------ | Jury to be Guided by Official English Interpretation of Witness Testimony |

This trial will be conducted in English. This is true though portions of testimony will be translated by an official court interpreter into English for you. You must be guided solely by the official English translation even if you are familiar with the other language used, Spanish.

*Federal Jury Practice and Instructions,* § 10.01, O'Malley, Grenig, & Lee (5th ed.)

### *Final Instructions*

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 1.02B* | Final Instruction When Notetaking by Jurors is Permitted |
| 2.04 | Evidence in the Case – Judicial Notice, Stipulations (if necessary) |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment Not Evidence |
| 2.07 | Inadmissible and Stricken Evidence (if applicable) |

2.08              Burden of Proof — Presumption of Innocence

------*              Reasonable Doubt

     We request that in place of Instruction 2.09 from the Redbook, this Court give Instruction

21, Definition of Reasonable Doubt, from the Federal Judicial Center *Pattern Criminal Jury*

*Instructions*, which was approved by this Circuit in *United States v. Taylor*, 997 F.2d 1551,

1555-56 (D.C. Cir. 1993).  That instruction reads as follows:

> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. We call that the preponderance of the evidence.
>
> In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

2.10              Direct and Circumstantial Evidence

2.11*             Credibility of Witnesses

2.13*             Number of Witnesses

2.14              Nature of Charges Not to be Considered

2.26              Testimony of Law Enforcement Officer

2.27              Failure of Defendant to Testify (if applicable)

2.28*             Defendant as Witness (if applicable)

2.53*          Multiple Defendants – One Count

2.70*          Redacted Documents and Tapes

2.71           Election of Foreperson

2.72           Unanimity of Verdict

2.73           Exhibits During Deliberations

2.74           Possible Punishment Not Relevant

2.75           Communications between Court and Jury During Deliberations

2.76           Furnishing the Jury with a Copy of the Instructions

2.77*          Use of Verdict Forms

3.02           Proof of State of Mind

3.11*          Consensual Tape Recordings

4.02           Aiding and Abetting

------*        Transcripts of Recordings

        During this trial, you have used typewritten transcripts of translations from Spanish into English of the oral conversations that can be heard on the tape recordings and videotapes received into evidence. The transcripts also purport to identify the speakers engaged in such conversations. I have admitted the transcripts for the purpose of aiding you in following the content of the conversation as you listened to the tape recordings and videotapes which were spoken in Spanish and also to aid you in identifying the speakers.

        You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript and from your own examination of the transcript.

        The transcripts have been certified by an interpreter and/or translator who testified as to how the transcripts were prepared. While in a case involving English conversations which have been recorded, the jury is routinely instructed that they are not bound by the transcript, that is because every juror is just as capable as the person preparing the transcript to tell what is being said on the recording. That is not so with the recorded Spanish conversations that have been introduced in this case. Accordingly, I am now instructing you that the transcripts are guides

prepared for you so that you can understand the Spanish language recordings. You are not free to reject the accuracy of the interpretation and translation of the tape recordings and videotapes or interpret them differently from the translation and the interpretation given by the interpreter and translator in the transcripts.

*See United States v. Fuentes-Montijo*, 68 F.3d 352 (9th Cir. 1995); *United States v. Morales-Madera*, 352 F.3d 1 (1st Cir. 2003); *United States v. Llinas*, 603 F.2d 506 (5th Cir. 1979).

Note:   The government's position is that the preceding transcript instruction should be utilized in lieu of Instruction 2.30 from the Redbook, which is not appropriate in a foreign language case such as this one.

As discussed in the government's "Memorandum of Law on Tapes and Transcripts" (ECF doc. 87), the law in this Circuit is that " . . . it is the better practice to require formal admission [of transcripts] into evidence during trial . . ." *United States v. Holton*, 116 F.2d 1536, 1542 (D.C. Cir. 1997). That said, Redbook Instruction 2.30 is inaccurate, in that the transcripts are evidence, though we understand that in the traditional (i.e. English language) circumstance they are meant to be used as an aid in understanding the recordings, which the jurors are equally able to understand.

More importantly, however, is the fact that instruction 2.30 makes little sense in the context of a recorded conversation in a foreign language. The last two sentences of the instruction read:

"If you perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes and not by the transcripts. If you cannot determine from the tape that particular words are spoken, you must disregard the transcripts so far as those words are concerned."

If jurors were to follow this instruction, then they would necessarily have to disregard all of the transcripts, as by definition they will be unable to determine from the tape that particular words are spoken--not because the recordings are inaudible, which was the original justification behind the instruction--but because they don't understand Spanish. As this is obviously not the intent of the instruction, we believe that it would be inappropriate to instruct the jury as such.

While this issue does not appear to have been addressed at the Court of Appeals in this Circuit, it has been addressed in at least three others, which have agreed that the pattern-type instruction does not make sense in the foreign language scenario. *United States v. Fuentes-Montilo*, 68 F.3d 352, 353-55 (9th Cir. 1995) (Court of Appeals, in upholding alternate transcript instruction, surveyed the law concerning the issue of transcripts in cases involving foreign language wiretaps and observed that telling jurors the tape is the evidence and the transcript only a guide, is "nonsensical"); *see also United States v. Morales-Madera*, 352 F.3d 1 (1st Cir. 2003)

(English translations of Spanish language tape recordings should be introduced into evidence); *United States v. Llinas*, 603 F.2d 506 (5th Cir. 1979).

Foreign language transcript instructions nearly identical to the government's suggested instruction appearing *supra* were given by Judge Kollar-Kotelly, who presided over the case of *United States v. Khan Mohammed*, Cr. No. 06-357 in May 2008, Judge Bates, who presided over the case of *United States v. Alvaro Augustin Mejia*, Cr. No. 06-248 in March 2008, Judge Robertson in *United States v. Anayibe Rojas Valderrama, et, al.* Cr. No. 03-554 in January 2007, as well as Judge Leon, who presided over the case of *United States v. Samuel Santander Lopesierra Gutierrez*, Cr. No. 02-392 in June 2006.

------\*        Additional Instruction Regarding Alternate Jurors

For those of you who have been designated as alternate jurors, I want to give you an instruction. Your job is not over, and will not be until a verdict has been reached in this case. After you have been excused, please continue to not talk about this case with anyone, and let us know where you can be reached. During the deliberations, if any of the jurors become ill or cannot continue to sit as a juror, we may need you to come back to the courtroom and participate in deliberations.

------\*        Witness Preparation

You are instructed that it is permissible for the attorneys for the United States to be present with witnesses in a criminal case during the investigation of the case and before trial. The attorneys for both sides of the case have the responsibility to meet with the witnesses and review the expected testimony with them.

*See, e.g., United States v. Aguilar*, 948 F.2d 392 (7th Cir. 1991) (court refused defense attorney's attempt to obtain pretrial sequestration to prevent AUSA from interviewing witnesses).

### Instruction on Charged Offense – Conspiracy\*

Note:   This instruction is substantially identical to the *Ferguson* instruction given by this Court, except for the additional explanation concerning drug quantity findings, which has been provided to assist the jury in making that determination.

Count One of the indictment charges that from on or about sometime in October 2004

and continuing up to and including April 5, 2006, in the Republics of Colombia, Panama,

Nicaragua and elsewhere, the defendants, Harol Rodrigo Suarez-Garcia, a/k/a "Jose Luis

Herrera," a/k/a "Chico," a/k/a "Dominick," and Nestor Dario Castro, a/k/a "Alberto," did

knowingly and intentionally combine, conspire, confederate and agree, with each other and with

co-conspirators, to commit the following offense against the United States: to distribute five

kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, intending or knowing that it would be unlawfully imported into

the United States from the Republics of Colombia, Panama, and Nicaragua and elsewhere

outside the United States.

A conspiracy charge is a separate and different offense from the underlying crimes that

are the alleged purpose of the conspiracy. This is because it is an offense to conspire, or agree,

with someone to commit a crime even if that crime is never committed. So, a conspiracy is a

combination of two or more persons to accomplish an unlawful purpose. It is a partnership in

crime. Nonetheless, you must consider separately each alleged conspirator's participation.

Specifically, for you to find defendant Harol Rodrigo Suarez-Garcia and/or defendant Nestor

Dario Castro guilty of conspiracy, the government must prove each of the following elements

beyond a reasonable doubt as to each defendant:

**First**, that at some time between October 2004 and continuing up to and including April

5, 2006, an agreement existed between at least two people to commit a crime, namely, a

conspiracy with one objective: to distribute cocaine for the purpose of unlawful importation into

the United States.

**Second**, that the defendant knowingly and intentionally joined and participated in this

conspiracy, that is consciously, voluntarily and on purpose, not mistakenly, accidentally or

inadvertently. In other words, ladies and gentlemen, the second element requires that the

government must prove the defendant's membership in this conspiracy.

7

"Knowingly" means that each defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident. "Intentionally" means to do a thing in order to bring about a desired result.

An agreement to constitute a conspiracy does not have to be in writing. It does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This, of course, rarely, if ever, happens when illegal purposes are involved. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

To be a member of the conspiracy, the defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes were to be accomplished. Each member of the conspiracy may perform separate or distinct acts. But it is necessary that the government prove beyond a reasonable doubt that the defendant had knowledge that the conspiracy existed, was aware of the common purpose and was a willing participant with the intent or knowledge to advance the purpose of the conspiracy.

It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose and had knowledge that the conspiracy existed, and was a member of the conspiracy. Different persons may become members of the conspiracy, at different times. In addition, a defendant may be found to have been a member of a conspiracy even though he was not apprised of all of the activities of the other members.

Moreover, it is not necessary, in order to convict the defendant of the charge of conspiracy, that the objectives or purposes of the conspiracy were achieved or accomplished.

In addition, the government is not required to prove that the defendant committed an act in furtherance of the conspiracy.  The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

In determining whether a conspiracy existed and whether the defendant was a member of that conspiracy, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against the defendant.  However, before doing so you must determine that there was a conspiracy.  When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against each and all of them.

You should not base your determination of the guilt or innocence on the extent of the defendant's participation in the alleged conspiracy.  The defendant may be convicted as a conspirator even though he may have played a minor role in the conspiracy, or joined the conspiracy after it was underway, provided that you find beyond a reasonable doubt that the conspiracy existed, and that the defendant knowingly participated in the conspiracy with the intent to advise, encourage or assist other conspirators.  You need not find that all members of the conspiracy were members at one time.  For the defendant to be convicted as a conspirator, it is sufficient if at some time during the course of the conspiracy, he was a member of the conspiracy**.**

It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that in fact a conspiracy existed for some time within the period set forth in the indictment.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: First, that there was an agreement to commit a crime; and second, that the defendant intentionally joined that agreement.

<u>Drug Quantity</u>

Finally, in order to convict each defendant of the conspiracy charge in Count One of the indictment, it is not necessary that you find that the conspiracy involved the actual amount of the mixture or substance containing cocaine alleged in the indictment. The amount of the mixture or substance containing a controlled substance is not an element of Count One.

However, if you return a guilty verdict on either of the defendants on Count One, you must then make a determination as to the quantity of cocaine for which the defendant is responsible. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt that the total amount of the mixture or substance containing cocaine exceeded a specified quantity, expressed in grams, that you have found the defendant conspired to distribute, knowing or intending that such quantity of cocaine would be unlawfully imported into the United States.

Specifically, the verdict form asks you to decide whether the amount of cocaine was:

1.    Five kilograms (5000 grams) or more of mixtures and substances containing a detectable amount of cocaine.  If you are unable to find unanimously that the amount of cocaine exceeded five kilograms, then you should consider whether the drug quantity was:

2.    More than five hundred (500) grams but less than five kilograms (5000 grams) of mixtures and substances containing a detectable amount of cocaine.  If you are unable to find unanimously that the quantity of cocaine exceeded five hundred (500) grams but was less than five kilograms (5000 grams), then you should consider whether the drug quantity was:

Your decision whether one of these two drug quantity ranges has been proven beyond a reasonable doubt must be unanimous.

In making the determination of drug quantities attributable to each defendant, you are instructed that the defendant is responsible for (1) those drugs that he agreed would be distributed knowing or intending that such drugs would be imported into the United States, and (2) those drug amounts agreed to be distributed by other co-conspirators who knew or intended such drugs to be imported into the United States, and which the defendant reasonably could have foreseen would occur in furtherance of the conspiracy.  In other words, a defendant is responsible for not only his own actions but also for those of his co-conspirators if those actions were known or reasonably foreseeable to the defendant.

In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue.  I further instruct you that the

11

government is not required to have seized or physically produced the cocaine in order to be included in your calculations.

      **WHEREFORE**, the government respectfully requests that the foregoing instructions be read to the jury in this case.

          Respectfully submitted,

          _____/s/_____
          Jim Faulkner
          Trial Attorney
          U.S. Department of Justice
          Narcotic and Dangerous Drug Section
          1400 New York Ave., NW, 8th Floor
          Washington, D.C.  20005
          (202) 616-8648
          jim.faulkner@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, July 17, 2008.

          _____/s/_____
          Jim Faulkner